**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1555-17T3

RAY BENEVENTO,

     Petitioner-Appellant,

v.

BOARD OF TRUSTEES, POLICE
AND FIREMEN'S RETIREMENT
SYSTEM,

     Respondent-Respondent.

Argued November 13, 2018 – Decided November 29, 2018

Before Judges Fasciale and Rose.

On appeal from the Board of Trustees of the Police and Firemen's Retirement System, Department of Treasury, PFRS No. 3-75555.

Daniel E. Rybeck argued the cause for appellant (Weir & Partners LLP, attorneys; Daniel E. Rybeck and Lilia Londar, on the brief).

Thomas R. Hower, Deputy Attorney General, argued the cause for respondent (Gurbir S. Grewal, Attorney General, attorney; Melissa Dutton Schaffer, Assistant

Attorney General, of counsel; Thomas R. Hower, on the brief).

PER CURIAM

Petitioner Ray Benevento appeals from an October 17, 2017 final decision of the Board of Trustees of the Police and Firemen's Retirement System (Board). The Board adopted an Initial Decision issued by then Acting Director and Chief Administrative Law Judge (ALJ) Laura Sanders, denying petitioner's application for an accidental disability retirement pension because he failed to prove he was "permanently and totally disabled" pursuant to Richardson v. Board of Trustees, Police and Firemen's Retirement System.[1]  Having reviewed the record, we find the Board's decision is supported by substantial credible evidence.  R. 2:11-3(e)(1)(D).  We affirm substantially for the reasons stated by ALJ Sanders.

We will not discuss the evidence in detail, because it is set forth at length in the ALJ's Initial Decision.  In sum, at the time of his injury, petitioner was a patrol officer with the Lindenwold Police Department.  There was no dispute that on June 23, 2011, petitioner injured his right arm and elbow during the

---

[1] 192 N.J. 189, 212-13 (2007) (holding that in order to qualify for such benefits, a member of the retirement system must establish, among other things, "that he is permanently and totally disabled . . . and physically incapacitated from performing his usual or any other duty").

course of an arrest. Instead, the sole issue presented to the ALJ was whether petitioner was permanently disabled as a result of the incident.

During a two-day testimonial hearing,[2] petitioner and his expert, Allen R. Berkowitz, M.D., testified on petitioner's behalf, and Gregory S. Maslow, M.D. testified on the Board's behalf. The evidence required the ALJ to determine which party's medical expert was more credible, and whether petitioner was a credible witness. The ALJ found petitioner's testimony was credible concerning his account of the incident. Regarding the permanency of his injuries, however, the ALJ determined the Board's expert was more persuasive.

To cite one notable example, the ALJ rejected petitioner's argument, renewed on appeal, that Dr. Maslow's opinion should carry less weight because his examination was "cursory, lasting [fifteen to twenty] minutes and basically [was limited to] palpating [petitioner]'s right arm and asking him to push against the doctor." Conversely, petitioner contended his expert, Dr. Berkowitz, based

---

[2] The hearing was conducted before a different ALJ (first ALJ). Because the first ALJ did not render an initial decision following numerous extensions to do so, the parties agreed to transfer the matter to another ALJ, "with the stipulation that the new ALJ listen to the hearing as well as read the transcripts." See N.J.A.C. 1:1-14.13. Following her receipt of the record, ALJ Sanders conducted that review.

A-1555-17T3

his opinion on two four-hour functional capacity examinations (FCE).  In resolving the discrepancies between the experts' opinions, the ALJ observed:

> Dr. Maslow examined petitioner in August 2012, while the FCEs were done in March 2012 (four months after [petitioner's] mid-November surgery) and June (seven months after surgery).  Although Dr. Maslow respected the opinions offered in the FCEs, in the end, the reason he could not agree with them was because they were founded on an observation that was simply not present when he examined petitioner months later.  The [June FCE] reported that, "Manual muscle testing revealed weak musculature on the right shoulder, elbow and wrist," which [Dr. Maslow] personally did not find on his examination. . . . Given Dr. Berkowitz's expressed expectation that petitioner's symptoms would resolve slowly over time, Dr. Maslow's testimony presents the more cohesive picture.  Further, [unlike Dr. Berkowitz], Dr. Maslow did evaluate the limitations he found in relation to the job specification for a police officer, and concluded that they would not prevent petitioner from fulfilling the duties of a police officer.  For that reason, Dr. Maslow's opinion carries the greater weight[.]

The Board adopted the ALJ's findings.  After reviewing the record in light of the applicable standard of review, we find no basis to disturb the Board's decision.  See Mazza v. Bd. of Trs., Police & Firemen's Ret. Sys., 143 N.J. 22, 25 (1995); see also Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011) (recognizing "review of administrative agency action is limited").

A-1555-17T3

In this appeal, petitioner primarily contends the Board's decision is against the weight of the evidence. We disagree. Petitioner's appellate contentions are without sufficient merit to warrant further discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1555-17T3